NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 21, 2009[*]
Decided May 27, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

**No**. 08-4280

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

**v.**

LYNARD JOINER,
    *Defendant-Appellant.*

Appeal from the United
States District Court for the
Central District of Illinois.

No. 95-cr-30078
Richard Mills, *Judge*.

**Order**

Lynard Joiner, who is serving a sentence of 235 months' imprisonment for a crack-cocaine offense, asked the district court to reduce his sentence after the Sentencing Commission cut the base range for crack offenses and made that change retroactive. See 18 U.S.C. §3582(c)(2) and Amendments 607, 611, and 615. The district court denied this motion because the reduction does not affect defendants who are accountable for more than 4.5 kilograms of crack. The judge concluded that Joiner is responsible for more than 6 kilograms.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Joiner acknowledges that the presentence report prepared at the time of his sentencing calculated his relevant conduct at 6.63 kilograms of crack. But he maintains that the judge found at the time only that he was responsible for 1.5 kilos (because that was the amount that mattered under the Guidelines then in force), and he contends that the court cannot now use the larger number.

This argument is not open to Joiner, however. The district court denied his motion on May 12, 2008. Joiner filed an untimely appeal. After this court noted the problem and suggested that Joiner ask the district judge for extra time under Fed. R. App. P. 4(b)(4), Joiner did nothing in response. On August 8, 2008, we dismissed the appeal. Joiner's petition for rehearing was denied, and the mandate issued on October 7, 2008. Only then did Joiner ask the district court for extra time under Rule 4(b)(4). That was far too late, as the judge noted on December 16, 2008, when denying Joiner's motion. Joiner asked the judge a second time for relief under the retroactive Guideline, and the judge denied that request too, because it duplicated the first. Joiner then filed a second notice of appeal.

To the extent that Joiner wants us to review the judge's initial decision (the one from March 2008), the notice of appeal is untimely, even longer after the deadline than the first. Filing a post-appeal motion in the district court does not reopen the time for appeal. To the extent that Joiner wants us to treat the post-appeal filing as a new motion under §3582(c)(2), the appeal is timely but unavailing. A person who litigates and loses (as Joiner did in May 2008) does not get a second bite at the apple just by filing an identical request. Joiner observes that §3582(c)(2) itself does not forbid successive motions, which is true, but neither does §3582(c)(2) make ordinary doctrines of preclusion inapplicable. Joiner's current arguments are blocked by the doctrine of issue preclusion because they were actually, and necessarily, resolved by the district judge in May 2008. That decision is conclusive.

AFFIRMED